Albert E. Wilson, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 22,025. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 29, 1916. Rehearing denied June 13, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Albert E. Wilson, administrator of the estate of William White Wilson, deceased, plaintiff, against the Chicago City Railway Company, defendant, for damages sustained by deceased's widow, heirs and next of kin, by reason of his death through the alleged negligence of the defendant. From a judgment for plaintiff for $3,000, defendant appeals.

Defendant operated on 43rd street a double track electric street railway and also one on Cottage Grove avenue. A train came from the west on the south side of 43rd street and stopped west of the cross-walk to discharge passengers. The deceased was first seen on the southeast corner. He stepped down from the curb and started to cross to the north side of 43rd street. A car was going north on the east track in Cottage Grove avenue and reached the crossing in advance of the car on 43rd street. In crossing the track on 43rd street deceased was struck by the eastbound car on that street and killed.

The distance from building line to building line in Cottage Grove avenue is about eighty. feet and the sidewalk is about thirty feet wide. The distance from the south curb of 43rd street to the first rail of the track in that street is about ten feet. The car that struck Mr. Wilson was what is known as a single track summer car.

There was evidence tending to show that the motorman first looked north and then looked south. The eastbound car crossed the northbound Cottage Grove avenue track close behind the northbound car on that track. There was evidence that the progress of deceased across the eastbound track in 43rd street was impeded by a westbound car or other vehicle, and that deceased attempted to go back to the south to escape the eastbound car, but that because of the rate of speed of that car and because the motorman was looking north he did not see the deceased until it was too late to stop the car and avoid striking him.

The causes of the action set forth in the declaration are: That defendant was carelessly, etc., running one of its cars in 43rd street, at its intersection with Cottage Grove avenue; that while plaintiff's intestate in the exercise of due care and caution for his own safety was crossing 43rd street on the east side of Cottage Grove avenue, he was struck by defendant's car and so injured that he died. The negligence charged in the second count is in carelessly and negligently driving the car across the intersection without ringing a bell or giving any warning. The negligence charged in the third count is driving the car across the intersection at a speed of fifteen miles an hour without ringing a bell or sounding a warning. The negligence charged in the fourth count is running the car at a speed of fifteen miles an hour. The negligence charged in the fifth count is that while driving the car across the intersection the motorman was not looking out for pedestrians who might be crossing. The negligence charged in the sixth count is in wilfully, wantonly, and with gross negligence driving the car against plaintiff's intestate.

John E. Kehoe and Watson J. Ferry, for appellant; W. W. Gurley and J. R. Guilliams, of counsel.

Wilson v. Chicago City Ry. Co., 199 Ill. App. 487.

ALBERT E. WILSON and GUERIN & BARRETT, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 135*—*when contributory negligence of pedestrian about to cross track for jury.* What constitutes negligence or want of due care on the part of one about to cross a street car track, at a street intersection, is usually a question of fact for the jury.

2. STREET RAILROADS, § 131*—*what constitutes prima facie case in action for death of pedestrian at street crossing.* In an action for death caused by the deceased being run over at a street crossing by the defendant's street car, a prima facie case is made out where the evidence fails to show that a bell was rung or gong sounded, and shows that the car was running at an improper rate of speed.

3. STREET RAILROADS, § 133*—*when negligence in operation question for jury.* Where, in an action for death of plaintiff's intestate caused by his being run over at a street crossing by the defendant's street car, the evidence is conflicting as to whether a bell was rung or gong sounded by defendant's servants, and as to the speed of the car, such questions are for the jury, and their verdict will not be disturbed on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.